# IN THE COURT OF APPEALS OF IOWA

No. 16-0672
Filed June 15, 2016

**IN THE INTEREST OF M.W.,**
**Minor child,**

**S.M., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D.

Fagan, District Associate Judge.

A mother appeals the juvenile court's termination of her parental rights to

her ten-year-old child.  **AFFIRMED.**

Phil R. Caniglia, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant

Attorney General, for appellee State.

Roberta J. P. Megel of the State Public Defender's Office, Council Bluffs,

for minor child.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

A mother appeals the juvenile court's termination of her parental rights to her ten-year-old child, M.W.[1] She argues termination was inappropriate because the State did not prove any ground for termination by clear and convincing evidence and a permissive factor weighing against termination existed due to the closeness of her bond with her child. We find the State proved grounds for termination and no permissive factor precluded termination. We therefore affirm.

## I. Background Facts and Proceedings

The family first came to the attention of the Iowa Department of Human Services (DHS) on February 17, 2014, when staff at M.W.'s elementary school noticed injuries to the child's ears. M.W. alleged the injuries were caused by the mother's boyfriend, who would pull and bend M.W.'s ears as punishment when he got into trouble. M.W. also stated the mother was present but did nothing to stop the abuse. M.W. was removed from the mother's care by a protective custody order and placed in family foster care. According to a DHS child abuse assessment, M.W. told a DHS caseworker two days later that the mother's boyfriend had also abused him in a variety of other ways. M.W. said the boyfriend had beaten him with a cane and a belt, made him stand in a corner until his legs got tired, forced him to kneel on broken glass and rice, and shocked him with a Taser. M.W. reported his mother was sometimes, but not always, present to witness the abuse.

On February 27, 2014, following a temporary removal hearing, the juvenile court ordered M.W. to remain in family foster care. The juvenile court also

---

[1] The child's father is deceased.

ordered the mother to participate in family safety, risk, and permanency services, obtain a psychological evaluation with IQ testing, complete a parenting class, and seek and maintain suitable housing and employment. Finally, the juvenile court ordered no contact between the mother's boyfriend and M.W. in order to protect the child from further abuse.

M.W. was adjudicated to be a child in need of assistance following an adjudication hearing held on April 21, 2014. The juvenile court again ordered M.W. to remain in family foster care and again ordered that the mother participate in a wide range of services. She failed to do so. Although the juvenile court noted in a May 22, 2014 dispositional order that the mother seemed to be making positive progress towards the goal of reunification, she did not make any further progress after that point. The mother discontinued her participation in services, stopped attending appointments, and ceased contact with DHS.

A contested termination hearing was held on March 22, 2016. At that point, M.W. had been removed from his mother's physical custody for more than two years. The mother had not interacted with him since September 2015. At the time of the termination hearing, circumstances surrounding the mother's living arrangements, employment, substance abuse problems, and mental health issues were unknown. She had not participated in any services since November 2015 and was unresponsive to numerous efforts to engage her. A DHS caseworker testified that when M.W. attempted to contact his mother, she would neither answer his calls nor return them. The caseworker also testified M.W. was not bonded to the mother and was upset because he believed his mother was still romantically involved with the man who had abused him.

On April 7, 2016, the juvenile court issued an order terminating the mother's parental rights to M.W. The court found:

> Due to [the mother]'s inability to demonstrate her desire to engage in offered services to assist her in reunification with her son, DHS recommends that her parental rights regarding her son [M.W.] be terminated. This will allow [M.W.] to achieve permanence in his life through adoption. [M.W.] should not need to wait for [the mother] to obtain and maintain a safe and suitable living environment for herself and her son. This court agrees that this child need not wait any longer for his mother who cannot maintain her own life much less be a parent to this child.
> . . . .
> To return the child to his mother's custody would subject him to adjudicatory harms of abuse or neglect. The same problems that precipitated the child's removal from her care exist today after attempting to provide services for two years to the mother and this child. These safety concerns include minimal compliance, lack of employment and housing, potential substance abuse, [the mother]'s lack of follow-through regarding her mental health as well as her child's mental health, abandonment by [the mother] of her child, inconsistency of interactions between [the mother] and her child including no contact since September of 2015.
> There is concern that [the mother] still associates with [the boyfriend] who physically abused [M.W.]. [The mother] did not protect her son then and he fears she will not protect him now. She has shown no intent to reunify with him. There was no evidence that giving [the mother] additional time to address her problems would be fruitful in the near future.

The juvenile court terminated the mother's parental rights to M.W. pursuant to Iowa Code section 232.116(1)(b), (d), (e), (f), and (*l*) (2015).

The mother now appeals.

## II.  Standard of Review

We conduct a de novo review of proceedings terminating parental rights. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *In re D.W.*, 791 N.W.2d 703, 706

(Iowa 2010). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of conclusions drawn from it. *Id.* We give weight to the factual determinations of the juvenile court, particularly regarding the credibility of witnesses, although we are not bound by them. *Id.* The primary consideration of our review is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

**III. Discussion**

Termination of parental rights under Iowa Code chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *Id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *Id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory factors set forth in section 232.116(3) should serve to preclude termination. *Id.*

The juvenile court terminated the mother's parental rights on five different grounds, as set forth in Iowa Code section 232.116(1)(b), (d), (e), (f), and (*l*). (2015). When a juvenile court terminates parental rights on more than one ground, as it has in this case, we may affirm the order on any of the statutory grounds supported by the record. *D.W.*, 791 N.W.2d at 707.

Section 232.116(1)(f) provides the juvenile court may order the termination of parental rights if:

The court finds that all of the following have occurred:

     (1) The child is four years of age or older.

     (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

     (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

     (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother argues the State failed to prove grounds for termination of her parental rights under this section because it failed to show by clear and convincing evidence her child could not be returned to her care.

We agree with the juvenile court that M.W. could not be returned to the mother's care at the time of the termination hearing. Although the mother testified at the termination hearing and disputed nearly all of the State's evidence—among other things, she claimed she had steady employment and suitable housing, claimed she had not seen the abusive boyfriend in a year, and gave excuses for her failure to participate in services that placed fault with DHS and service providers—the juvenile court did not find her testimony credible. Although not bound to do so, we defer to the juvenile court's assessment of the mother's testimony as an attempt to "blame[] everyone but herself for her failure to engage and put herself in a position to reunify with her child." The mother ceased participation in services ordered by the court and admitted she had not seen M.W. for six months at the time of the termination hearing in March 2016. She was not in a position to safely and adequately care for M.W.

The mother also argues even if grounds for termination were proved by clear and convincing evidence, the strong bond she shared with M.W. satisfied a

statutory factor rendering termination unnecessary. *See* Iowa Code § 232.116(3)(c) ("The court need not terminate the relationship between the parent and child if the court finds . . . [t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."). On our de novo review, we do not find evidence in the record to support the strong bond the mother alleges.

For these reasons, we affirm the juvenile court's termination of the mother's parental rights to her child, M.W.

**AFFIRMED.**